133 F.3d 926
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Timothy J. GAWRON, Plaintiff-Appellant,
v.
Bill JAMES, Correctional Officer at the South Idaho
Correctional Institution; Larry Wright, Warden at the South
Idaho Correctional Institution, each sued individually and
in their official capacities, Defendants-Appellees.
 No. 96-36099.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Decided Dec. 17, 1997.
 
 Before: SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Timothy J. Gawron, an Idaho state prisoner, appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging that his employment as an inmate law clerk was terminated in retaliation for questioning expenditures from the Social and Recreational Fund at the South Idaho Correctional Facility. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, see Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we affirm.
 
 
 3
 To defeat a motion for summary judgment on a retaliation claim, a prisoner must submit evidence that the alleged retaliatory action did not advance legitimate penological goals. See id. at 816. When analyzing prison officials' proffered reasons for the allegedly retaliatory conduct, "we should afford appropriate deference and flexibility to prison officials." See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir.1995) (internal quotations and citation omitted). Thus, we conclude that prison officials had legitimate penological concerns that Gawron's actions with respect to his questions about the Social and Recreational Fund, his dismissal from his law clerk job, and his rejection from the Special Projects work program undermined internal order and security. See Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir.1995); Barnett, 31 F.3d at 816.
 
 
 4
 We conclude the district court did not abuse its discretion by denying Gawron's motion to file a second amended and supplemental complaint. See Schlacter-Jones v. General Tel. of Cal., 936 F.2d 435, 443 (9th Cir.1991).
 
 AFFIRMED.[1]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. With respect to Gawron's motion to correct the district court record, we have reviewed the exhibits Gawron submitted with his motion for summary judgment which he included with his opening brief on appeal
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal